UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIQUE MARTINEZ, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>SIEMENS INDUSTRY, INC., a corporation; EVAN RAGAN, an individual; and DOES 1 through 100, inclusive,<br><br>    Defendants. | No. 2:15-cv-00511-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Rique Martinez ("Plaintiff") brought this employment suit against his former employer Siemens Industry, Inc. ("Siemens") and his former supervisor Evan Ragan ("Ragan") (collectively, "Defendants") in Yolo County Superior Court. Siemens removed the action to this Court. ECF No. 1. Presently before the Court is Plaintiff's Motion to Remand the action to Yolo County Superior Court. ECF No. 9. For the reasons set forth below, Plaintiff's Motion is GRANTED.[1]

///

///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

1

## BACKGROUND

Plaintiff was hired as a street light technician by Republic Intelligent Transportation Services, Inc. ("Republic ITS") on or about November 6, 2009. Compl., ECF No. 1, ¶ 13. Subsequently, Siemens acquired Republic ITS by purchasing one hundred percent of the company's stock. Id. Plaintiff remained employed by Siemens after the acquisition and worked out of an office in West Sacramento, California. Id.

After the acquisition, Plaintiff began experiencing problems stemming from Siemens' failure to reimburse employees for necessary expenditures. Id. ¶ 14. Plaintiff made formal and informal complaints to management, including his supervisor Ragan. On September 25, 2013, Plaintiff provided Ragan with the Labor Code provision that authorized reimbursement of necessary expenditures. Id. ¶ 24. This led to a heated altercation in which Ragan stated "this is none of your business" and told Plaintiff "you need to keep your mouth shut and worry about doing your own fucking job, you have a big mouth." Id. ¶ 25. After returning to his office, Ragan called his supervisor to obtain approval to fire Plaintiff. Id.

Plaintiff then lodged a complaint with his union representative and told Siemens' human resources department about the reimbursement issue and Ragan's behavior. Id. ¶¶ 26, 27. Less than two weeks later, on October 9, 2013, Plaintiff was relieved of all work duties and effectively terminated. Id. ¶ 29.

On November 21, 2014, Plaintiff filed his Complaint against Siemens and Ragan in Yolo County Superior Court. Siemens was served on February 6, 2015. On March 6, 2015, Siemens removed the action to this Court. Given Siemens' claimed status as a citizen of Delaware, where it is incorporated, and of Georgia, where it maintains its principal place of business, Siemens' asserted basis for removal was diversity of citizenship under 28 U.S.C. § 1332(a)   ECF No. 1. Ragan was served on March 24, 2015. Both Plaintiff and Ragan are domiciled in the State of California.

///

## STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id.

If the district court determines that removal was improper, then the court may also award the plaintiff costs and attorney fees accrued in response to the defendant's removal. 28 U.S.C. § 1447(c). The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law. Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

///

///

///

# ANALYSIS

There is no dispute that complete diversity exists between Plaintiff and Siemens. Plaintiff moves to remand this action to state court because Ragan, like Plaintiff, is a resident of California, thereby defeating diversity jurisdiction.[2] Defendants offer two arguments as to why this case should not be remanded despite Ragan's inclusion in this lawsuit. First, Defendants argue that a non-diverse defendant who has not been served at the time of removal does not destroy diversity jurisdiction. Second, Defendants argue that Ragan was fraudulently joined in order to defeat diversity jurisdiction and thus should not be considered by the Court. The Court will now address both of those arguments.

## A. Service of Non-Diverse Defendant

Defendants cite multiple district court cases for the proposition that Ragan does not destroy diversity jurisdiction because he was not served at the time of removal. See Sherman v. Haynes & Boone, No. 5:14-cv-01064-PSG, 2014 WL 4211118, at *1 n.8 (N.D. Cal. Aug. 22, 2014); Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C., 881 F. Supp. 2d 1123, 1127 (N.D. Cal. 2012); Timmons v. Linvatec Corp., No. CV09-7947RSSX, 2010 WL 2402918, at *1 (C.D. Cal. Jan. 14, 2010); City of Ann Arbor Emp. Ret. Sys. v. Gecht, C-06-7453 EMC, 2007 WL 760568, at *8 (N.D. Cal. Mar. 9, 2007); Republic W. Ins. Co. v. Int'l Ins. Co., 765 F. Supp. 628, 629 (N.D. Cal. 1991). However, the cases cited by Defendants pertain to the "local defendant rule."[3] Pursuant to the local defendant rule, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Thus, in the cases cited by Defendants, the parties were completely

---

[2] The Doe Defendants are not considered by the Court; for the purposes of removal under diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

[3] This is also referred to as the "forum defendant rule."

4

diverse and there was no dispute that the actions could have been filed in federal court. The question was whether an otherwise removable case must remain in state court because of the presence of a non-served local defendant. See Lee v. Ardagh Glass, Inc., No. 1:14-cv-0759-SAB, 2015 WL 251858, at *3 (E.D. Cal. Jan. 20, 2015).

Here, Plaintiff's argument is not that Ragan is a local defendant; rather, Plaintiff argues that Ragan is a non-diverse defendant. The law on non-diverse defendants is well-established and distinct from the local defendant rule district court cases cited by Defendants. In fact, there are multiple Ninth Circuit cases on point stating that in diversity jurisdiction cases, non-served, non-diverse defendants should be considered by the court to prevent gamesmanship by defendants. See Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service"); see also Preaseau v. Prudential Ins. Co. of Am., 591 F.2d 74, 78 (9th Cir. 1979); Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1266 (9th Cir. 1992). Thus, the fact that Ragan was not served does not destroy his non-diverse status (and therefore confer jurisdiction here on diversity grounds). Consequently, removal here was proper only if, as Defendants argue, Plaintiff fraudulently joined Ragan solely to destroy diversity.

**B. Fraudulent Joinder**

The "fraudulent joinder" doctrine allows a defendant to remove a civil action that alleges claims against a non-diverse defendant when the plaintiff has no basis for suing that defendant. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting McCabe, 811 F.2d at 1339). While the general rule is that the court must rely solely on the face of the complaint to determine if complete diversity is present, "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to

be fraudulent." Id.  The burden is on the defendant to show by clear and convincing evidence that the plaintiff does not have a colorable claim.  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  "Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency."  Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011) (internal quotation marks omitted).  A plaintiff need only have one potentially valid claim against a non-diverse defendant.  Id. Here, Plaintiff brings three claims against Ragan: (1) retaliation under California Labor Code § 98.6, (2) retaliation under California Labor Code § 1102.5, and (3) intentional infliction of emotional distress.

In regard to both of Plaintiff's retaliation claims, Defendants argue that the statutes cited by Plaintiff create a cause of action against the employer only, not against a supervisor like Ragan.  In rebuttal, Plaintiff cites to language in California Labor Code § 98.6(a), which states

> A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or application for employment because the employee or applicant has engaged in any conduct delineated in this chapter . . . .

Pl.'s Mot., ECF No. 9-1, at 8 (emphasis supplied by Plaintiff).  The term "person" is defined in California Labor Code § 18 as "any person, association, organization, partnership, business trust, limited liability company, or corporation."  Using this statutory language, Plaintiff argues that § 98.6 creates a cause of action against an individual person, like Ragan, not just against an employer.

The case law on § 98.6 is sparse, and Defendants do not (and cannot) point to settled case law stating that § 98.6 does not apply to supervisors.[4]  Instead, Defendants ask the Court to base its decision on the language of the statute itself.  Defendants

---

[4] This Court was only able to find one case on point in which a California court of appeal held that § 98.6 applies only to employers—Garcia v. Witt, No. B215187, 2010 WL 2220885 (2nd Dist. June 4, 2010).  But as an unpublished case, Garcia would be non-citable by a California court and holds no precedential value.  See Cal. Rules of Court, rule 8.1115.

1  argue that Ragan, as an employee, cannot be held liable under Labor Code § 98.6
2  because the statute creates remedies that can be provided only by the employer.
3  Specifically, the remedies include reinstatement and reimbursement of lost wages and
4  work benefits "caused by those acts of the employer." See § 98.6(b)(1).  An employer
5  who violates this section can also be liable for a civil penalty under § 98.6(b)(3).

6  The court in Fernandez v. Big Lots Stores, Inc. confronted this exact issue.  See
7  No. EDCV 14-00806 DDP (ASx), 2014 WL 3418112 (July 10, 2014).  Because of the
8  lack of case law clearly stating that § 98.6 applied only to employers, the court granted
9  Plaintiff's motion to remand.  Id. at *4.  Relying on Thompson v. Genon Energy Services,
10 LLC, No. C13-0187 TEH, 2013 WL 968224 (N.D. Cal. 2013), in which the court came to
11 a similar conclusion based on the dearth of case law on Labor Code § 6310, the court
12 declined to "anticipate how the California courts would handle the question of individual
13 liability under § 98.6."  Id. at 3.  Since the case law on § 98.6 has not become any more
14 settled in the year since Fernandez was decided, this Court must also decline to predict
15 how state courts will rule on this issue.

16 Because the Court cannot say that Plaintiff's § 98.6 claim against Ragan is clearly
17 precluded by settled California law and one potentially valid claim is all that is needed,
18 Plaintiff's Motion to Remand is GRANTED.

19 **C. Attorney's Fees & Costs**

20 Plaintiff argues that he is entitled to attorney's fees and costs because Defendant
21 Siemens' removal was unreasonable.  "Absent unusual circumstances, fees should not
22 be awarded when the removing party has an objectively reasonable basis for removal."
23 Gardner v. UICI, 508 F.3d 559, 561 (9th Cir. 2007).  Defendant had an objectively
24 reasonable basis for arguing that § 98.6, like other Labor Code provisions on retaliation,
25 does not apply to supervisors like Ragan.  While the Court ultimately determined that the
26 case law is not settled on this specific provision, that is not enough to entitle Plaintiff to
27 an award of attorney's fees and costs.  See Gardner, 508 F.3d at 562 (a close question
28 ///

regarding whether a failure to state a claim was "obvious according to the settled rules of [California]" is not enough to warrant awarding fees and costs).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (ECF No. 9) is GRANTED and this case is REMANDED to Yolo County Superior Court. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: July 17, 2015

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT